Argued October 31, affirmed November 30, 1955, petition
for rehearing denied February 8, 1956

# PACIFIC TRAILWAYS *v.* SOUTHWEST
# ROOFING CO. and VENABLE
### 290 P. 2d 787

*Francis F. Yunker*, argued the cause for appellant. On the brief were Yunker, Fewless & Hannam of Portland.

*John C. O'Kief* and *Martin P. Gallagher* argued the cause for respondent. On the brief were Yturri & O'Kief and Gallagher & Gallagher, all of Ontario.

Before WARNER, Chief Justice, and TOOZE, BRAND and PERRY, Justices.

PERRY, J.

The plaintiff commenced this action against the defendants, E. W. Dallimore, dba Southwest Roofing Company, and Roy Venable, to recover damages to a passenger bus, the personal property of the plaintiff. Damage to the bus was occasioned on January 4, 1952, when the defendant Roy Venable, operating his own pickup truck partially loaded with sheetrock obtained at the Nyssa Lumber Company yard, drove into the bus of the plaintiff. There is no contention made but that Venable was negligent, and his negligence was the proximate cause of the plaintiff's damages.

The defendant Venable was in default and did not appear as a witness in the trial court, and is not an appellant herein. For the purposes of this opinion,

when we speak of the "defendant" we refer to E. W. Dallimore, dba Southwest Roofing Company.

The trial court determined that Venable was at the time of his negligence an agent or servant of the defendant, acting in furtherance of the defendant's business, and also determined the amount of plaintiff's damage.

The appealing defendant asserts error in the trial court's finding that Venable was at the time of his negligence the agent and servant of the defendant, acting in furtherance of his master's business, and further asserts that certain items of damage allowed the plaintiff were based up speculation and conjecture.

■ This is a law action tried to the trial court without a jury. The findings of fact by the trial court have all the force and effect of a jury verdict, and bind this court if there is any substantial evidence in the record to support those findings. *Norswing v. Lakeland Flying Service,* 193 Or 91, 237 P2d 586.

On November 17, 1951, Mayfred Parkhurst, a farmer living near Ontario, Oregon, entered into an agreement with the defendant in part as follows:

> "Frame addition to house for 10 feet extension of Living Room Bed Room Bathroom and closet 18 x 10 total addition 10 x 28 in Front Reside entire house Golden Glend shakes install windows and hang Front door Pour cement foundation. Furnish Sheet Rock use accessories for in side finish Furnish 3 peise [sic] Bathroom set"

for a total price of $2890. The defendant was paid this sum by Parkhurst.

It seems to be the contention of the defendant that under the above agreement he was obligated only to furnish the sheetrock, not to install it; i.e., they had

completed performance of this portion of the agreement when the sheetrock was made available to Mr. Parkhurst at Nyssa Lumber Company near the Parkhurst home.

The defendant states in his brief:

> "It is important to note that at the time of the accident, Venable was hauling sheetrock upon his truck. The sheetrock was *only to be furnished* upon this contract and had been available and paid for at the Nyssa Lumber Company for some time, but had not been delivered because Parkhurst had no place to store it." (Italics theirs)

Whatever the contention in the mind of the defendant is in this respect, the evidence is quite clear both Parkhurst and the defendant believed that there was included in the sum of $2890 payment for the work of installing the sheetrock in the building. Therefore, until the sheetrock was installed, performance of the contract by the defendant cannot be claimed, and the obligation of moving or providing for the moving of this material from any place to the place of installation was an obligation of the defendant.

But one conclusion can be reached as to Venable's hauling of the sheetrock, and that is that he was acting in furtherance of the performance of the agreement.

The defendant having entered into an agreement to construct the addition to the house, it seems clear to us that a presumption immediately arises that any person who is actively engaged in the completion of that contract is acting as the agent and servant of the defendant, and the burden of going forward with evidence to dispute the presumption and to show the existence of a different relationship would rest upon the defendant.

The defendant testified that Venable was a sub-contractor, that he, the defendant, had no control over him whatsoever, and that his only obligation in relation to the above agreement was a satisfactory job for Parkhurst upon completion of the above contract. Defendant, however, also testified that with his knowledge and permission Venable carried cards reading "General Carpenter and Applicator with Southwest Roofing Co. 8565 S.W. Barbur Blvd."; that Venable was carried upon the defendant's books for purposes of State Industrial Accident insurance, Social Security, and State withholding taxes, although he contends as to these items Venable was not so carried or considered in the month of January, 1952.

There are other facts set out from which inferences can be drawn that Venable was either the servant of the defendant or was acting as an independent contractor, but, as above pointed out, the finding of the trial court upon conflicting substantial evidence is binding upon this court.

■ The contention of the defendant that a sum allowed as damages for the loss of use of the passenger bus is based upon speculation and conjecture is without merit. Mr. Niskanen testified to the rental value of similar equipment by and from other companies, and there is offered nothing to the contrary.

The judgment is affirmed.